IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DR. YVONNE SANDERS BUTLER          :
                                   :
        Plaintiff,                 :        CIVIL ACTION
                                   :
v.                                 :        NO. 1:14-CV-1768-WSD-ECS
                                   :
DEKALB COUNTY SCHOOL DISTRICT,     :
RAMONA TYSON,                      :
CHERYL L. ATKINSON,                :
RONALD RAMSEY,                     :
MARCUS TURK, and                   :
MICHAEL THURMOND,                  :
*Individually and in their*        :
*official capacities*              :
                                   :
        Defendants.                :

### ORDER, FINAL REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on the motion for leave to file a motion for judgment on the pleadings, and incorporated motion for judgment on the pleadings, filed by DeKalb County School District ("DCSD"), and by Ronald Ramsey, Michael Thurmond, and Ramona Tyson (collectively, the "Individual Defendants"). [Doc. 66]. Both the motion for leave to file and the motion for judgment are fully briefed.

For the reasons expressed herein, the motion for leave to file a motion for judgment on the pleadings is **GRANTED.**

**IT IS RECOMMENDED** that the motion for judgment on the pleadings be **GRANTED** and that all claims against DCSD and the Individual

Defendants be **DISMISSED WITH PREJUDICE.**

IT IS ALSO RECOMMENDED that this action be **DISMISSED WITHOUT PREJUDICE** as to Cheryl L. Atkinson and Marcus Turk for Plaintiff's failure to effect service of process.

## I.
## <u>Motion for Leave</u>

Defendants argue that they should be granted leave to file a motion for judgment on the pleadings despite the fact that the time set by the scheduling order for filing such a motion has already expired. [Doc. 66 at 6]. Defendants respond that their current counsel of record only recently made an appearance on February 23, 2015, <u>see</u> [Doc. 32], and that their motion for judgment on the pleadings challenges this Court's subject matter jurisdiction to hear some of Plaintiff's claims. [Doc. 66 at 6-8]. Plaintiff argues in response that Defendants' motion for leave should be denied because it is out of time and Defendants have failed to "satisfactorily raise" any jurisdictional challenge, "having indicated no law in support of the claim of lack of jurisdiction." [Doc. 76 at 3].

Defendants submit that the Court has no jurisdiction over Plaintiff's claims of gender and race discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e <u>et</u> <u>seq.,</u> because Plaintiff failed to exhaust her

2

administrative remedies before filing suit. [Doc. 66 at 11-12].
"[E]xhaustion of administrative remedies is a jurisdictional
requirement in private sector Title VII cases." <u>Swain v. Hoffman</u>,
547 F.2d 921, 923 (5th Cir. 1977);[1] <u>see also</u> <u>Chanda v.
Engelhard/ICC</u>, 234 F.3d 1219, 1225 (11th Cir. 2000) ("The filing of
an administrative complaint with the EEOC is ordinarily a
jurisdictional prerequisite to a Title VII action."); <u>Bloodworth v.
Colvin</u>, 17 F. Supp. 3d 1245, 1251 (N.D. Ga. 2014) ("[S]ubject-matter
jurisdiction in a Title VII case exists only if the plaintiff made
a good-faith effort to comply with the EEOC regulations before
filing suit."). Defendants also challenge Plaintiff's state-law tort
claims against DCSD on grounds of sovereign immunity. [Doc. 66 at
15-17]. Sovereign immunity "is not an affirmative defense, going to
the merits of the case, but raises the issue of the trial court's
subject matter jurisdiction to try the case . . . ." <u>Dep't of
Transp. v. Dupree</u>, 570 S.E.2d 1, 5 (Ga. Ct. App. 2002).

Rule 12(c) of the Federal Rules of Civil Procedure provides
that a party may move for judgment on the pleadings "[a]fter the
pleadings are closed — but early enough not to delay trial." But
"[a] federal court must always dismiss a case upon determining that

---

[1] Decisions of the Fifth Circuit rendered on or before
September 30, 1981, are binding precedent in the Eleventh Circuit.
<u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en
banc).

it lacks subject matter jurisdiction, regardless of the stage of the proceedings." Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1332 n.6 (11th Cir. 2001). Accordingly, in light of the above, Defendants' motion for leave to file their motion for judgment on the pleadings is **GRANTED**. Furthermore, in view of the fact that the motion for judgment on the pleadings has been fully briefed, the undersigned will address it on the merits.

## II.
## Legal Standard for Motion for Judgment on the Pleadings

"After the pleadings are closed —— but early enough not to delay trial —— a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998). When reviewing a motion for judgment on the pleadings, a district court employs the same standard as for a motion to dismiss for failure to state a claim. See id.; Ortega v. Christian, 85 F.3d 1521, 1524 (11th Cir. 1996). The court must "accept the facts in the complaint as true and view them in the light most favorable to the nonmoving party," Ortega, 140 F.3d at 1370, and grant the motion if the plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face."

4

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); accord Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although the complaint need not provide detailed factual allegations, the basis for relief in the complaint must state "more than labels and conclusions." Twombly, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do." Id. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (brackets and internal quotation marks omitted). Allegations of fact "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555. "However, conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002).

### III.
### Factual Background

The following facts are taken from Plaintiff's third amended complaint, [Doc. 20], which the undersigned accepts as true for the purposes of this motion, and from the Georgia Supreme Court's ruling on Plaintiff's petition for writ of mandamus, DeKalb Cnty. Sch. Dist. v. Butler, 763 S.E.2d 473 (Ga. 2014), the disposition and

subject matter of which the Court may take judicial notice. See United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (holding that judicial notice may be taken of a related court case "only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation").

In her third amended complaint, Plaintiff alleges that she was a principal at Browns Mill Elementary School from 1999 to 2009, and served as DCSD's Executive Director of Corporate Wellness from 2009 to 2010. [Doc. 20 ¶ 10]. According to Plaintiff, she was paid less as principal than many of her peers, including her own sister, who was hired by DCSD as a principal at another school, had less experience than Plaintiff, but was paid more. [Id.]. Plaintiff also makes vague reference to accusations made against her by DCSD employees: (1) that she had marked her time sheets as "present" for several weeks during which she was actually absent, [id.], and (2) that she had used school funds to purchase books authored by her from her own company. [Id. ¶¶ 11, 15-16].

Plaintiff alleges that, in April of 2009, she received a phone call from the Area Superintendent, Horace Dunson, who informed her that she was going to be promoted to "Health and Wellness." [Id. ¶ 10]. According to Plaintiff, Mr. Dunson clarified "that there was no job for her; they just wanted her out of Browns Mill and it was not an option to remain as principal." [Id.]. In September of 2009,

6

the DeKalb County School Board approved Plaintiff as the Executive Director of Corporate Wellness. [Id.].[2] Nearly a year later, on August 15, 2010, Plaintiff was informed that she would be demoted from her position "because of incompetency, violation of Board Policies (1, 4, 5, and 10)[,] insubordination[,] willful neglect of duties, and other good and sufficient cause." [Id.]. Plaintiff requested a hearing on the charges against her, but instead she was removed from her position, placed on administrative leave, and subsequently terminated. [Id. ¶¶ 10, 15-16, 20, 22]. To date, no hearing has been held. [Id. ¶ 10].

On March 9, 2012, Plaintiff filed a mandamus action in the Superior Court of DeKalb County, requesting a hearing under the Fair Dismissal Act ("FDA"), O.C.G.A. § 20-2-940 et seq.,[3] a name-clearing hearing, and damages for breach of an implied covenant of good faith and fair dealing. Butler, 763 S.E.2d at 474. The Superior Court granted Plaintiff's request for an FDA hearing, denied her request for a name-clearing hearing as moot, and denied her damages claim

---

[2] Plaintiff references a number of exhibits in her third amended complaint, including a purported copy of her contract for the 2010-2011 school year, see [Doc. 20 ¶ 10], but no exhibits are actually attached to the third amended complaint.

[3] The FDA sets forth employment rights of public school employees in Georgia, which include the permissible grounds and specific procedures for suspending or terminating such employees. See O.C.G.A. § 20-2-940; Butler, 763 S.E.2d at 474.

AO 72A
(Rev.8/82)

for breach of the implied covenant. Id. On appeal, the Georgia Supreme Court reversed the trial court's order for an FDA hearing, holding that Plaintiff was not entitled to such a hearing for the termination of her employment. Id. at 475. The trial court's ruling as to the other claims was affirmed. Id. at 475 & n.6.

On June 6, 2014, Plaintiff initiated the instant action, proceeding pro se. [Doc. 1]. Her current attorney of record made an appearance a week later. [Doc. 3]. In the third amended complaint, which is Plaintiff's currently operative pleading, she asserts claims for violations of the Due Process Clauses of the Fifth and Fourteenth Amendments, the Equal Protection Clause of the Fourteenth Amendment, 42 U.S.C. § 1981, Title VII, 42 U.S.C. § 1997d, and additional state-law claims for "ex post facto prosecution," negligence, slander, breach of contract, and intentional and negligent infliction of emotional distress.[4] [Doc. 20 ¶ 11-25]. She seeks an award for damages in the amount of $25,000,000, with interest and costs. [Id. ¶ 29].

---

[4] Although Plaintiff pleads a violation of 42 U.S.C. § 1983 as "a separate and distinct cause of action," [Doc. 20 ¶ 22], the undersigned will construe Plaintiff's § 1983 claim to be the statutory vehicle for her other federal constitutional and statutory claims, where appropriate. "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Albright v. Oliver, 510 U.S. 266, 271 (1994) (plurality opinion) (internal quotation marks omitted).

**IV.**
**Discussion**

In moving for judgment on the pleadings, Defendants argue that all of Plaintiff's claims against DCSD are barred by the doctrine of res judicata because they could have been, but were not, raised in her mandamus action in state court. [Doc. 66 at 8-9]. In addition, Defendants argue that the third amended complaint fails to comport with federal pleading standards and that Plaintiff has failed to allege facts to show a violation of due process; she has failed to exhaust administrative remedies for her race, gender, and age discrimination claims; her § 1983 claims against the Individual Defendants are barred by qualified immunity; her claims under § 1983, Title VII, and the ADEA are barred by the applicable statute of limitations; she has no standing to assert a claim under § 1997d; her claim for ex post facto prosecution is "nonsensical"; her state-law claims against DCSD are barred by sovereign immunity; and her state-law claims against the Individual Defendants are barred by official immunity. [Id. at 3, 10-17].

**A.   Claims Against DCSD**

   1.   Res Judicata

DCSD argues that all claims against it should be dismissed as barred by res judicata because Plaintiff failed to raise them in her earlier mandamus action filed in state court. [Doc. 66 at 8-9].

9

The doctrine of res judicata "bars the filing of claims which were raised or could have been raised in an earlier proceeding." Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1501 (11th Cir. 1990); see also O'Conner v. PCA Family Health Plan, Inc., 200 F.3d 1349, 1355 (11th Cir. 2000). Because the prior proceeding was before a Georgia state court, Georgia's res judicata principles apply. See Kizzire v. Baptist Health Sys., Inc., 441 F.3d 1306, 1308 (11th Cir. 2006) ("When we are asked to give res judicata effect to a state court judgment, we must apply the res judicata principles of the law of the state whose decision is set up as a bar to further litigation." (brackets and internal quotation marks omitted)).

Georgia's doctrine of res judicata is codified at O.C.G.A. § 9-12-40, which provides:

> A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.

Thus, "[t]hree prerequisites must be satisfied before res judicata applies — (1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous adjudication on the merits by a court of competent jurisdiction." Waldroup v. Greene Cnty. Hosp. Auth., 463 S.E.2d 5, 7 (Ga. 1995) (citing Lawson v. Watkins, 401 S.E.2d 719, 721 (Ga. 1991); R. Ruskell, Georgia

10

Practice & Procedure § 27-4 (6th ed. 1991)).

The undersigned finds each of the necessary elements for the application of the res judicata doctrine present in this case. It is undisputed that Plaintiff and DCSD were both parties to the mandamus action and that the Georgia Supreme Court is a court of competent jurisdiction. The Supreme Court's decision was clearly an adjudication on the merits because it examined the language of the FDA and found that Plaintiff's employment as a school administrator did not occur within the time required for her to be entitled to an FDA hearing on the non-renewal of that contract. Butler, 763 S.E.2d at 474-75.

Plaintiff's mandamus action and the instant case also share an identical cause of action. "The expression 'cause of action' means the whole cause of action; that is, all the facts which together constitute the plaintiff's right to maintain the action." Parris v. Atlanta, K. & N.R. Co., 57 S.E. 692, 694 (Ga. 1907). "[O]ne must assert all claims for relief concerning the same subject matter in one lawsuit[,] and any claims for relief concerning that same subject matter which are not raised will be res judicata pursuant to O.C.G.A. § 9-12-40." Fowler v. Vineyard, 405 S.E.2d 678, 682 (Ga. 1991). In this manner, "[r]es judicata prevents plaintiffs from asserting claims arising from the same transaction piecemeal or presenting only a portion of the grounds on which relief is sought

11

and leaving the rest for a second suit if the first fails." <u>Mobley v. Sewell</u>, 487 S.E.2d 398, 400 (Ga. Ct. App. 1997).

Here, it is undisputed that the hearing Plaintiff sought in her mandamus action was in regard to the termination of her employment with DCSD. <u>See</u> <u>id.</u> at 473-74. In the instant action, too, all of Plaintiff's claims are based upon her termination and the circumstances leading up to it. <u>See</u> <u>generally</u> [Doc. 20]. None of the events on which she bases her claims in this action is alleged to have occurred *after* she filed her mandamus action in March of 2012. There is also no question of fact that Georgia law permits a litigant to combine a request for mandamus relief with a claim for damages for past harm. <u>See</u> <u>Starship Enters. of Atlanta, Inc. v. Coweta Cnty., Ga.</u>, 708 F.3d 1243, 1255 n.15 (11th Cir. 2013) ("The extraordinary nature of mandamus does not necessarily bar incidental damages for past harm . . . ."). Indeed, Plaintiff did raise in her mandamus action a damages claim for breach of the implied covenant of good faith and fair dealing. <u>See</u> <u>Butler</u>, 763 S.E.2d at 474. Thus, the two actions clearly involve the same subject matter —— the termination of Plaintiff's employment with DCSD —— and Plaintiff's claims in the instant action are claims that "might have been put in issue" in the mandamus action. <u>See</u> O.C.G.A. § 9-12-40; <u>Starship Enters.</u>, 708 F.3d at 1254-55; <u>Fowler</u>, 405 S.E.2d at 682.

Plaintiff's arguments to the contrary are unavailing. Plaintiff

contends that she did not actually raise any of the instant claims in her mandamus action, see [Doc. 76 at 6-8], but she fails to address why she *could not* have done so. Cf. Starship Enters., 708 F.3d at 1254-55 (applying Georgia res judicata principles to bar due process, equal protection, and free speech claims based on denial of business license when plaintiff failed to raise those claims in earlier state mandamus action because both actions concerned the same subject matter); Sharpley v. Davis, 786 F.2d 1109, 1111-12 (11th Cir. 1986) (res judicata barred plaintiff's constitutional claims challenging his termination as public school teacher when plaintiff had already appealed his termination to state court and could have raised constitutional claims in that forum); Barnes v. City of Atlanta, 366 S.E.2d 822, 823 (Ga. Ct. App. 1988) (holding failure-to-promote claims asserted under § 1983 were barred by res judicata because they could and should have been presented to earlier court that heard plaintiff's petition for mandamus relief).

Plaintiff's additional arguments regarding issue preclusion are inapposite because DCSD has made no argument that *issue* preclusion, also referred to as collateral estoppel, applies in this case. Although "res judicata" is sometimes used generically to refer to both issue preclusion and claim preclusion, Burney v. Polk Cmty. Coll., 728 F.2d 1374, 1377 n.8 (11th Cir. 1984), it is clear from DCSD's brief that only *claim* preclusion is being asserted here. See

13

[Doc. 66 at 8] ("The doctrine of res judicata bars re-litigation of the same *claims* by the same parties.") (emphasis added).

Accordingly, the undersigned **RECOMMENDS** that Defendants' motion for judgment on the pleadings be **GRANTED** as to Plaintiff's claims against DCSD and that these claims be **DISMISSED** as res judicata.

2.   <u>Alternative Bases for Dismissal</u>

In the alternative, DCSD argues that all claims against it should be dismissed for failure to state a claim for relief, failure to exhaust administrative remedies, failure to bring action within the applicable statute of limitations, lack of standing, or on grounds of sovereign immunity. [Doc. 66 at 10-17]. The undersigned agrees that, even if Plaintiff's claims against DCSD were not barred by res judicata, DCSD would be entitled to judgment on the pleadings on the merits of Plaintiff's claims.

a.   <u>Due Process</u>

Plaintiff's Fifth Amendment and Fourteenth Amendment due process claims are based on the allegation that DCSD demoted her, "took property," and failed to offer her "subsequent renewal contracts" without a hearing. [Doc. 20 ¶¶ 13, 20]. The Fifth Amendment, however, applies only in actions against the federal government. <u>Riley v. Camp</u>, 130 F.3d 958, 972 n.19 (11th Cir. 1997) (per curiam) ("The Fifth Amendment obviously does not apply here — the acts complained of were committed by state rather than federal

14

officials."). But setting aside this threshold infirmity, Plaintiff also has failed to set forth a substantive claim of violation of due process of law. In her response brief, Plaintiff concedes that the FDA (the statute under which she requested a hearing) meets and exceeds federal due process standards, and she recognizes that the Georgia Supreme Court held she was not entitled to a hearing under the FDA. See [Doc. 76 at 2, 8]. But she nevertheless insists that DCSD violated due process by not complying with the DeKalb County Superior Court's order for a hearing. [Id. at 8]. Plaintiff has failed to address why due process would require compliance with a trial court order that had been reversed by the highest court in the state. See Butler, 763 S.E.2d at 475. These allegations would not sustain a due process claim even if the Fifth Amendment applied. Accordingly, Plaintiff's claims for violation of due process should be dismissed.

### b.   Gender, Race, and Age Discrimination

Plaintiff's claims of gender, race, and age discrimination raised under Title VII, the Equal Protection Clause, and § 1981 should also be dismissed. See [Doc. 20 ¶¶ 12, 15-16, 23-24].

Plaintiff's Title VII and Equal Protection Clause claims for gender and race discrimination are based on the allegation that she was terminated for using school funds to purchase books from a company she owned, while a Caucasian male employee was not so

15

disciplined for selling insurance to DCSD from his own company. [Doc. 20 ¶¶ 15-16]. Plaintiff also alleges that she was not paid fairly "in comparison to her gender or race counter parts [sic] for the same position." [Id. ¶¶ 12, 24].

As DCSD points out, see [Doc. 66 at 3], such a conclusory pleading fails to comport with Rule 8(a)(2)'s requirement that it provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Although Plaintiff is not required to allege facts to support each element of a McDonnell Douglas prima facie case of discrimination,[5] Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510 (2002), she must nevertheless "provide 'enough factual matter (taken as true) to suggest' intentional race [or gender] discrimination." Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974 (11th Cir. 2008) (quoting Twombly, 550 U.S. at 556). Here, no inference of intentional discrimination may be drawn from Plaintiff's comparison to the alleged Caucasian male employee.

---

[5] Generally, a plaintiff asserts a prima facie case of discrimination by showing that (1) she is a member of a protected class; (2) she was qualified for her position; (3) she was subject to an adverse employment action; and (4) her employer either replaced her with someone outside the protected class or treated a similarly situated employee outside of her protected class more favorably. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Burke-Fowler v. Orange Cnty., Fla., 447 F.3d 1319, 1323 (11th Cir. 2006); Cuddeback v. Fla. Bd. of Educ., 381 F.3d 1230, 1235 (11th Cir. 2004); Maniccia v. Brown, 171 F.3d 1364, 1368 (11th Cir. 1999).

Plaintiff's self-dealing by using school funds to financially benefit her own company is not comparable to another employee selling a product to the DCSD in an arm's length transaction. Plaintiff has not alleged that this Caucasian male employee also authorized the use of school funds through which the insurance was purchased. "To make a comparison of the plaintiff's treatment to that of [a] non-minority employee[], the plaintiff must show that [s]he and the employee[] [we]re similarly situated in all relevant respects." Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997) (per curiam). Thus, Plaintiff's claims of gender and race discrimination based on this allegation fail to state a plausible claim.

As for Plaintiff's claims of discriminatory pay, she has alleged virtually no facts to support this allegation. "[L]egal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., 297 F.3d at 1188. The only other school principal identified in the complaint is Plaintiff's own sister, see [Doc. 20 ¶ 10], but, even though Plaintiff alleges that her sister was paid more and had less experience, this allegation will support no inference of gender or race discrimination. Her sister is obviously within the same protected gender class, and Plaintiff has made no allegation that her sister is of a different race.

Moreover, as DCSD argues, see [Doc. 66 at 11-12], to the extent

17

the above claims are asserted under Title VII, they must also be dismissed for Plaintiff's failure to allege exhaustion of administrative remedies. Before bringing a private action under Title VII, a plaintiff must first exhaust her administrative remedies by filing a charge of discrimination with the EEOC. Gregory v. Ga. Dep't of Human Res., 355 F.3d 1277, 1279 (11th Cir. 2004); Chanda, 234 F.3d at 1225. The purpose of this requirement is to give the EEOC "the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." Evans v. U.S. Pipe & Foundry Co., 696 F.2d 925, 929 (11th Cir. 1983).

In response to DCSD's argument on this point, Plaintiff does not contend that she did file a charge with the EEOC. Instead, she simply states that her Title VII claims "MUST proceed, because Plaintiff will be able to show the circumstances surrounding her contact with the EEOC." [Doc. 76 at 9]. "Generally, the plaintiff must allege in the complaint filed in h[er] lawsuit that [s]he has met the prerequisites or a valid and timely-filed EEOC charge. If the defendant denies that the plaintiff ha[s] met those requirements, the burden of proof is on the plaintiff to prove that [s]he has." Rizo v. Ala. Dep't of Human Res., 228 F. App'x 832, 836 (11th Cir. 2007) (per curiam) (citing Jackson v. Seaboard Coast Line

18

R.R. Co., 678 F.2d 992, 1010 (11th Cir. 1982)). Here, Plaintiff has failed to show or even allege that she has met the necessary prerequisites. Accordingly, her Title VII claims should be dismissed for failure to exhaust. See Rizo, 228 F. App'x at 836; Gregory, 355 F.3d at 1279; Chanda, 234 F.3d at 1225; Thomas v. Kroger Co., 24 F.3d 147, 151 (11th Cir. 1994) ("[Plaintiff] is precluded from asserting a claim under Title VII because she failed to file the requisite charge with the EEOC.").

Plaintiff also asserts a claim of age discrimination under § 1981 on the mere allegation that "all of her immediate supervisors were younger than her [sic]." [Doc. 20 ¶ 23]. Even if this were sufficient to state a claim for age discrimination, § 1981 does not provide a cause of action for age discrimination.[6] See § 1981(a) (providing that all persons in the U.S. shall have the same right "to make and enforce contracts" and "to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens"); Little v. United Techs., Carrier Transicold Div., 103 F.3d 956, 961 (11th Cir. 1997) ("It is well-established that § 1981 is concerned with *racial* discrimination in

---

[6] DCSD also argues that Plaintiff has failed to exhaust administrative remedies for a claim of age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 et seq. [Doc. 66 at 11-12]. The Court need not address this argument, however, because the third amended complaint does not assert a claim under the ADEA. See generally [Doc. 20].

AO 72A
(Rev.8/82)

the making and enforcement of contracts."); <u>Jones v. Horizon Shipbuilding, Inc.</u>, No. 11-0012-WS-M, 2012 WL 5187800, at *11 n.31 (S.D. Ala. Oct. 19, 2012) ("Section 1981 . . . forbids only race discrimination.").

Finally, Plaintiff's claim of race discrimination under § 1981 fails for basically the same reasons her claims under Title VII and the Equal Protection Clause fail. Plaintiff alleges that the school board gave a Caucasian male employee permission to pilot a special-education program at Plaintiff's school and that DCSD subsequently purchased the program from him. [Doc. 20 ¶ 23]. But this scenario is entirely different from the accusation against Plaintiff that she engaged in self-dealing by authorizing school funds to be used to purchase books from her own company. No inference of discrimination arises from this inapt comparison.

Accordingly, Plaintiff has failed to state claims of gender, race, or age discrimination under Title VII, the Equal Protection Clause, or § 1981.

        c.   <u>42 U.S.C. § 1997d</u>

Plaintiff's claim of retaliation under § 1997d fails because, as DCSD argues, Plaintiff lacks standing to assert such a claim. <u>See</u> [Doc. 66 at 5, 14]. Section 1997d is part of the Civil Rights of Institutionalized Persons Act. Plaintiff has not alleged that she is an institutionalized person, i.e., an inmate or patient of a

AO 72A
(Rev.8/82)

state-owned correctional or residential-care facility, <u>see</u> § 1997(1), (3), or that this case in any way concerns such a person. Furthermore, the weight of legal authority holds that this Act provides no private cause of action. <u>See</u> <u>Pope v. Bernard</u>, No. 10-1443, 2011 WL 478055, at *1 (1st Cir. Feb. 10, 2011); <u>Martin v. Upchurch</u>, 67 F.3d 307, at *3 n.3 (9th Cir. 1995) (unpublished table decision); <u>Price v. Brittain</u>, 874 F.2d 252, 262-64 (5th Cir. 1989); <u>McRorie v. Shimoda</u>, 795 F.2d 780, 782 n.3 (9th Cir. 1986). Accordingly, Plaintiff's claim under § 1997d is due to be dismissed.

     d.  <u>State Law Claims</u>

Plaintiff's tort claims against DCSD arising under state law must also be dismissed because DCSD is entitled to sovereign immunity for any such claims. <u>See</u> [Doc. 66 at 15-17]. DCSD is an agency of the state for the purposes of sovereign immunity. "It is well established that, in the absence of some special circumstance, claims against a public school district and its officials in their official capacity are barred by sovereign immunity." <u>Crisp Cnty. Sch. Dist. v. Pheil</u>, 498 S.E.2d 134, 136 (Ga. Ct. App. 1998) (citing Ga. Const. art. I, § II, ¶ IX; <u>Hennessy v. Webb</u>, 264 S.E.2d 878, 879 (Ga. 1980); <u>Holloway v. Dougherty Cnty. Sch. Sys.</u>, 277 S.E.2d 251, 252-53 (Ga. Ct. App. 1981)). "[A] state agency may waive its sovereign immunity only through an act of the legislature which expressly provides for and sets forth the extent of such a waiver."

Chisolm v. Tippens, 658 S.E.2d 147, 151 (Ga. Ct. App. 2008). Although the Georgia Tort Claims Act, O.C.G.A. § 50-21-20 et seq., provides for a limited waiver of the state's sovereign immunity, see § 50-21-23(a), it expressly excludes school districts from the waiver. See § 50-21-22(5).

Plaintiff's argument in response is unavailing. She cites to former language from the Georgia Constitution that waived sovereign immunity for actions covered by liability insurance. See [Doc. 76 at 12]. This language, however, was removed by a constitutional amendment that became effective in 1991. See Donaldson v. Dep't of Transp., 414 S.E.2d 638, 639 (Ga. 1992) (noting that the 1991 amendment "eliminated the insurance waiver"). Plaintiff has identified no other basis for a waiver of sovereign immunity, which is her burden. See Dupree, 570 S.E.2d at 5 ("[W]aiver of sovereign immunity must be established by the party seeking to benefit from that waiver; thus, the plaintiff[] ha[s] the burden of establishing waiver of sovereign immunity." (internal quotation marks omitted)). Accordingly, Plaintiff's state-law tort claims against DCSD are due to be dismissed. Because Plaintiff has failed to show a valid waiver of DCSD's sovereign immunity, the Court need not address DCSD's alternative arguments for dismissal of Plaintiff's state-law tort claims. See [Doc. 66 at 13-15].

In addition, Plaintiff's claim for breach of contract is based

22

solely on the allegation that DCSD failed to hold a hearing after placing her on administrative leave. See [Doc. 20 ¶ 19]. As discussed above, however, Plaintiff was not entitled to such a hearing under the FDA. See supra Part IV.A.2.a; Butler, 763 S.E.2d at 475. Plaintiff has not alleged that her employment contract entitled her to a hearing outside of the FDA. Accordingly, Plaintiff has failed to sufficiently allege a breach.

### 3.   Conclusion

For the reasons expressed above, the undersigned **RECOMMENDS** that the motion for judgment on the pleadings be **GRANTED** as to Plaintiff's claims against DCSD because all such claims are barred by res judicata in light of the Georgia Supreme Court's decision in DeKalb Cnty. Sch. Dist. v. Butler, 763 S.E.2d 473 (Ga. 2014). Alternatively, in the event the District Judge declines to adopt this recommendation, the undersigned **RECOMMENDS** that Plaintiff's due process, equal protection, and § 1981 claims be **DISMISSED** for failure to state a claim for relief; that the Title VII claims be **DISMISSED** for failure to state a claim for relief and failure to exhaust administrative remedies; that the § 1997d claim be **DISMISSED** for lack of standing; that the state-law tort claims be **DISMISSED** on grounds of sovereign immunity; and that the state-law contract claim be **DISMISSED** for failure to state a claim for relief.

AO 72A
(Rev.8/82)

**B.   Claims Against the Individual Defendants**

The Individual Defendants argue that any constitutional claims asserted against them in their individual capacities should be dismissed because they are entitled to qualified immunity under § 1983. [Doc. 66 at 12]. As for Plaintiff's claims under state law, the Individual Defendants submit that they are entitled to official immunity. [Id. at 17]. They also point out that Plaintiff has failed to allege any specific conduct or action taken by any of them. [Id. at 13, 17].

In response, Plaintiff does not address the fact that the third amended complaint makes no mention of any specific act or omission by any of the Individual Defendants. See generally [Doc. 76]. Regardless of whether qualified or official immunity applies, Plaintiff cannot state a claim for relief against the Individual Defendants in their individual capacities because she has not alleged anything that any of them personally did or failed to do. Cf. Watson v. Johnson, No. 5:13-CV-303-MTT-MSH, 2014 WL 3928492, at *2 (M.D. Ga. Aug. 12, 2014) (recommending dismissal of claims of constitutional violations where plaintiff sued individual defendants "without alleging in the Complaint any specific acts personally committed by them"), report and recommendation adopted, 2014 WL 4441511 (Sept. 9, 2014).

As for Plaintiff's claims against the Individual Defendants in

24

their official capacities, these claims should be dismissed as redundant of Plaintiff's claims against DCSD. "[T]here no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly . . . ." Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991) (citing Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985); Brandon v. Holt, 469 U.S. 464, 471-72 (1985)); see also Casey v. Clayton Cnty., Ga., No. 1:04-CV-00871-RWS, 2006 WL 870379, at *4 (N.D. Ga. Mar. 30, 2006) (dismissing claims against individual county officials as redundant of claims against the county).

Accordingly, the undersigned **RECOMMENDS** that the motion for judgment on the pleadings be **GRANTED** as to Plaintiff's claims against the Individual Defendants in their individual and official capacities and that these claims be **DISMISSED**.

**V.**
**Failure to Effect Service of Process**

Plaintiff initiated this action on June 6, 2014. [Doc. 1]. Her third amended complaint was filed on July 31, 2014. [Doc. 20]. To date, however, the record reflects no proof of service upon either Cheryl L. Atkinson or Marcus Turk. In Plaintiff's brief in response to the motion for judgment on the pleadings, filed on March 13, 2015, she states that "Cheryl Atkinson and Marcus Turk have never been served or otherwise appeared before this Court." [Doc. 76 at

25

1].

Rule 4(m) of the Federal Rules of Civil Procedure provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court —— on motion or on its own after notice to the plaintiff —— must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

Accordingly, because Plaintiff has failed to effect service of process upon Cheryl L. Atkinson or Marcus Turk within 120 days of the filing of her complaint, the undersigned **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE** as to Cheryl L. Atkinson and Marcus Turk. This final report and recommendation constitutes notice of dismissal as required by Rule 4(m). See Anderson v. Osh Kosh B'Gosh, 255 F. App'x 345, 348 (11th Cir. 2006) (per curiam) (affirming dismissal under Rule 4(m) where the district court "did not dismiss the action until after it gave [the plaintiff] the opportunity to object to the magistrate's recommending dismissal"); Anderson v. Dawson, No. 4:09CV134-RH/WCS, 2011 WL 5981008, at *2 (N.D. Fla. Nov. 29, 2011) ("The report and recommendation provided any notice required [by] Rule 4(m).").

### VI.
### Conclusion

For the foregoing reasons, the motion for leave to file a motion for judgment on the pleadings, [Doc. 66], is **GRANTED.**

**IT IS RECOMMENDED** that the motion for judgment on the pleadings, [Doc. 66], be **GRANTED** as to all claims against DCSD, Ronald Ramsey, Michael Thurmond, and Ramona Tyson, and that these claims be **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** as to Cheryl L. Atkinson and Marcus Turk for Plaintiff's failure to effect service of process.

**SO ORDERED AND RECOMMENDED,** this 24th day of April, 2015.


_s/ E. Clayton Scofield III_
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

27