IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

YVONNE SANDERS BUTLER,

Plaintiff,

v.

DEKALB COUNTY SCHOOL
DISTRICT, RAMONA TYSON,
CHERYL L. ATKINSON, RONALD
RAMSEY, MARCUS TURK and
MICHAEL THURMOND

Defendants.

1:14-cv-1768-WSD

# OPINION AND ORDER

This matter is before the Court on Magistrate Judge E. Clayton Scofield's Final Report and Recommendation ("R&R"), recommending that Defendants DeKalb County School District's ("DCSD"), Ronald Ramsey's ("Ramsey"), Michael Thurmond's ("Thurmond") and Ramona Tyson's ("Tyson") Motion for Judgment on the Pleadings [66] be granted, and that Defendants Cheryl L. Atkinson ("Atkinson") and Marcus Turk ("Turk") be dismissed without prejudice from this action for failure to perfect service of process [97].

**I.     BACKGROUND**

Plaintiff Yvonne Sanders Butler ("Plaintiff") was a principal at a DeKalb County elementary school.  On August 13, 2010, Defendant DCSD demoted her on the grounds of incompetency, insubordination and neglect of duties based on her alleged use of school funds to purchase books authored and sold by a company she owned.[1]  On May 11, 2011, DCSD offered Plaintiff a contract for a teaching position for the 2011-2012 academic year, in lieu of termination.  Plaintiff declined the position, and on July 15, 2011, DCSD terminated her employment.

On March 9, 2012, Plaintiff filed a mandamus action in the Superior Court of DeKalb County (the "DeKalb action"), requesting (i) a hearing under the Fair Dismissal Act ("FDA")[2], O.C.G.A. § 20-2-940, et seq., (ii) a name-clearing hearing, and (iii) damages for breach of an implied covenant of good faith and fair dealing.  The Superior Court granted Plaintiff's petition for a writ of mandamus regarding her request for an FDA hearing, denied, as moot, her request for a name-clearing hearing, and denied her claim for breach of an implied covenant of

---

[1] During the investigation of these purchases, Plaintiff was suspended from the duties of principal.

[2] The FDA establishes certain procedural safeguards for public school employees in Georgia, including the permissible grounds for suspending and terminating employees.  See O.C.G.A. § 20-2-940.

2

good faith and fair dealing.

On September 22, 2014, the Georgia Supreme Court entered its order reversing in part, and affirming in part, the order entered in the DeKalb action.[3] The Georgia Supreme Court held that Plaintiff was not entitled to an FDA hearing because she obtained a supervisory position in August 1995.  See DeKalb Cty. Sch. Dist. v. Butler, 763 S.E.2d 473, 475 (Ga. 2014).  The Georgia Supreme Court noted that the FDA provides that "[a] person who first becomes a school administrator on or after April 7, 1995, shall not acquire any rights under this Code section to continued employment with respect to any position of school administrator."  Id. (citing O.C.G.A. § 20-2-942-(c)(1)).  The Georgia Supreme Court affirmed the Superior Court's denial of a name-clearing hearing and the dismissal of Plaintiff's breach of the implied covenant of good faith and fair dealing claim.  Id.

On June 6, 2014, Plaintiff filed her Complaint in this Court.  In it, she alleges that her demotion and subsequent termination (1) violated the Due Process Clause of the Fifth and Fourteenth Amendments, (2) violated the Equal Protection Clause of the Fourteenth Amendment, (3) was actionable discrimination under

---

[3] Under Georgia law, judgments or orders granting or refusing to grant mandamus are generally appealable directly to the Georgia Supreme Court.  See Selke v. Carson, 759 S.E.2d 853, 854 (Ga. 2014).

3

42 U.S.C. § 1981, (4) was actionable discrimination under 42 U.S.C. § 1983, (5) violated Title VII of the Civil Rights Act, and (6) was retaliation under 42 U.S.C. § 1997d.  Plaintiff also asserts state law claims for "ex post facto prosecution," negligence, slander, breach of contract and intentional and negligent infliction of emotional distress.  Plaintiff seeks damages of $25,000,000, plus interest and costs.

On April 27, 2015, the Magistrate Judge issued his R&R, recommending that Plaintiff's claims against DCSD be dismissed as barred by res judicata.  In the alternative, the Magistrate Judge recommended that Plaintiff's claims against DCSD be dismissed because Plaintiff's federal and state law claims fail as a matter of law.

The Magistrate Judge further recommended that Plaintiff's claims against Defendants Tyson, Ramsey and Thurmond, in their individual capacities, be dismissed on qualified immunity grounds because Plaintiff failed to allege specific acts committed by them personally.  The Magistrate Judge recommended that the claims against Defendants Tyson, Ramsey and Thurmond, in their official capacities, should be dismissed because they are the same claims as those alleged against the DCSD, which the Magistrate Judge found failed as a matter of law.  Finally, the Magistrate Judge recommended that Defendants Atkinson and Turk be

dismissed without prejudice from this action because Plaintiff failed to serve them with the Summons and Complaint.

On June 8, 2015, Plaintiff filed her Objections to the R&R. Plaintiff's Objections are poorly organized and difficult to understand. Based on the Court's review of them, Plaintiff appears to assert the following Objections to the R&R: (i) Defendant's Motion for Judgment on the Pleadings is untimely as to certain counts[4] of the Complaint and, as a result, the Magistrate Judge should not have considered them, (ii) Plaintiff's claims of gender and race discrimination under Title VII are not barred for lack of jurisdiction for failing to exhaust administrative remedies, (iii) Plaintiff is entitled to assert her Section 1983 claim because she was denied the hearing ordered in the DeKalb action, (iv) Defendants were not entitled to qualified immunity because the statute of limitations has not run on her Section 1983 claims, and (v) Plaintiff's claims are not barred by res judicata.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1) (Supp. V 2011);

---

[4] Specific counts were not identified.

Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  If a party has not objected to findings and recommendations in a report and recommendation, a court conducts a plain error review of the record.  See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

  B. Analysis

    *1.* *Leave to File Motion for Judgment on the Pleadings*

The Magistrate Judge granted Defendants' request to file their Motion for Judgment on the Pleadings on the ground that Plaintiff's Title VII and state law claims are required to be dismissed for lack of subject matter jurisdiction, and "a federal court must always dismiss a case upon determining that it lacks subject matter jurisdiction, regardless of the stage of the proceedings." See Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1332 n.6 (11th Cir. 2001). The Motion for Judgment on the Pleadings was not untimely under Rule 12(c) of the Federal Rules of Civil Procedure because it was filed  "[a]fter the pleadings [were] closed—but early enough not to delay trial." See Fed. R. Civ. P. 12(c).  A trial date had not been set in this matter, and Plaintiff does not offer any

6

explanation to show that Defendants' Motion was untimely under Rule 12(c). Upon *de novo* review, the Court concludes that Defendants' Motion for Judgment on the Pleadings was not untimely.

        2.    *Res Judicata*

Plaintiff objects to the finding in the R&R that her federal and state law claims against DCSD are barred by res judicta because they are based on the same subject matter as Plaintiff's claim for mandamus relief in the DeKalb action. In determining if a judgment has res judicata effect, the Court applies the res judicata law of the state that rendered the state court judgment. See Kizzire v. Baptist Health Sys., Inc., 441 F.3d 1306, 1308 (11th Cir. 2006) (citing 28 U.S.C. § 1738). DCSD argues that the Georgia Supreme Court's September 22, 2014, order bars, under the doctrine of res judicata, the claims asserted against DCSD.

Under Georgia law, "[t]hree prerequisites must be satisfied before res judicata applies—(1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous adjudication on the merits by a court of competent jurisdiction." Karan, Inc. v. Auto-Owners Ins. Co., 629 S.E.2d 260, 262 (Ga. 2006); see also O.C.G.A. § 9-12-40. Regarding the first element, res judicta prevents subsequent actions "as to all matters put in issue or which under the rules of law might have been put in issue" in the original action. See O.C.G.A.

§ 9-12-40.  Georgia courts have interpreted this requirement to mean that "one must assert all claims for relief concerning the same subject matter in one lawsuit and any claims for relief concerning that same subject matter which are not raised will be res judicta pursuant to O.C.G.A. § 9-12-40."  See Fowler v. Vineyard, 405 S.E.2d 678, 682 (Ga. 1991) (internal quotation marks and citations omitted).

Plaintiff appears to claim that the cause of action here is not identical to Plaintiff's mandamus petition in the DeKalb action.[5]  Plaintiff specifically claims that her Section 1983 claim and Title VII claim were not litigated previously.  See Pl.'s Obj. at 11.  In Georgia, "the doctrine of res judicata prevents the re-litigation of all claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action."  See James v. Intown Ventures, LLC, 752 S.E.2d 213 (2012) (internal quotation marks omitted).  Plaintiff does not contend that the federal and state law claims she raises against DCSD in this action do not arise from her demotion and subsequent termination, which were the subject of litigation in the DeKalb action.  Plaintiff failed to raise these additional claims in her state mandamus petition, even though these claims could have been litigated in that prior action.  See Starship Enterprises

---

[5] Plaintiff does not dispute that there is identity of the parties and a previous adjudication on the merits by a court of competent jurisdiction in this State.  The Court does not find any plain error in these findings.

8

of Atlanta, Inc. v. Coweta Cty., 708 F.3d 1243, 1256 (11th Cir. 2013) (applying Georgia law to conclude that plaintiff's federal constitutional claims were barred by res judicata because the claims were based on the denial of a business license that was the subject of an earlier state mandamus petition); Sharpley v. Davis, 786 F.2d 1109, 1111-12 (11th Cir. 1986) (applying Georgia law to conclude that public school principal's federal claims were barred by res judicta because he failed to raise those claims in a prior state court action).

After a *de novo* review of the Magistrate Judge's R&R, the Court concludes that Plaintiff's federal and state law claims against DCSD are barred by res judicita. Plaintiff's objection is overruled.[6]

---

[6] The Magistrate Judge recommended, in the alternative, that Plaintiff's claims against DCSD be dismissed as a matter of law because plaintiff failed to state a claim for relief under Section 1981, Section 1983, the Due Process Clause, and the Equal Protection Clause. The Magistrate Judge also recommended that Plaintiff's Title VII claim be dismissed for failure to state a claim and failure to exhaust administrative remedies, that the Section 1997d claim be dismissed for lack of standing, that the state law tort claims be dismissed on the grounds of sovereign immunity, and the state law contract claim be dismissed for failure to state a claim. Upon *de novo* review, the Court concludes that Plaintiff's claims against DCSD fail as a matter of law even if res judicata did not apply to bar her claims.

### 3. *Official Capacity*

The Magistrate Judge recommended that Plaintiff's claims against Defendants Tyson, Ramsey, and Thurmond, in their official capacity, be dismissed because "suits against public employees in their official capacities are in reality suits against the state, and therefore, [barred by the doctrine of] sovereign immunity." See Banks v. Happoldt, 608 S.E.2d 741, 744 (Ga. Ct. App. 2004); see also Busby v. City of Orlando, 931 F.2d 764 (11th Cir. 1991) (holding that "[b]ecause suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials [under Section 1983], because local government units can be sued directly. . . ."). Plaintiff did not object to the dismissal of her official capacity claims based on state law and Section 1983 against Tyson, Ramsey and Thurmond, and the Court does not find plain error in the Magistrate Judge's conclusion that these claims should be dismissed.

### 4. *Qualified Immunity*

The Magistrate Judge also concluded that Plaintiff's claims against Defendants Tyson, Ramsey, and Thurmond, in their individual capacities, are required to be dismissed because Plaintiff's Third Amended Complaint fails to

allege any specific acts personally committed by them. "Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Vinyard v. Wilson, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). "Suits against government officials for damages against them individually are costly not only for the defendants, but for society as a whole. The social costs include the expenses of litigation, the diversion of official energy from pressing public issues, and the deterrence of able citizens from acceptance of public office." Post v. City of Fort Lauderdale, 7 F.3d 1552, 1556 (11th Cir. 1993) (internal quotation marks and citations omitted). "Qualified immunity recognizes that, where an official's duties legitimately require action in which clearly established rights are not implicated, the public interest may be better served by action taken with independence and without fear of consequence." Id.

Plaintiff objects to the Magistrate Judge's recommendation that her individual capacity claims against these Defendants should be dismissed on the ground that Defendants' actions were "intentional, or negligent at best,"[7] and thus

---

[7] This argument is derived from a largely incoherent discussion. The citation to page 9 of the Objections is based on the CM-ECF numbers of the filing. Plaintiff did not number the pages of her Objections.

11

they are not entitled to qualified immunity.  Pl.'s Obj. at 9.  This conclusory claim is not supported by facts in any of Plaintiff's Complaints or in her Objections to the R&R.  The burden is on the Plaintiff to show that these Defendants are not entitled to qualified immunity.  See Dalrymple v. Reno, 334 F.3d 991, 995 (11th Cir. 2003).  To overcome Defendants' claim of qualified immunity made against them in their individual capacities, Plaintiff was required to allege "sufficient facts to support a finding of a constitutional violation of a clearly established law."  Chandler v. Sec'y of Fla. Dep't of Transp., 695 F.3d 1194, 1198 (11th Cir. 2012) (citing Oliver v. Fiorino, 586 F.3d 898, 905 (11th Cir. 2009)); see also Andreu v. Sapp, 919 F.2d 637, 639 (11th Cir. 1990) ("[T]he defendant is entitled to dismissal when the plaintiff has failed to *allege* a violation of a clearly established right.") (citations omitted).  The Complaint filed in this action and Plaintiff's Objections to the R&R do not contain facts regarding what actions, if any, the individual Defendants allegedly took to violate her constitutional rights.  Plaintiff has thus failed to allege any facts to support a finding of a violation of a clearly established constitutional right.  See Chandler, 695 F.3d at 1198.

After a *de novo* review of the Magistrate Judge's R&R, the Court concludes that Plaintiff's claims against Tyson, Ramsey, and Thurmond are required to be dismissed because she failed to allege any facts to support that they are not entitled

to qualified immunity.  Plaintiff's objection is overruled.

   5. *Failure to Serve*

  Rule 4(m) of the Federal Rules of Civil Procedure provides that "[i]if a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  <u>See</u> Fed. R. Civ. P. 4(m).  The record does not show that Defendants Atkinson and Turk were served with the Summons and Complaint.  The Magistrate Judge recommended that the action against Defendants Atkinson and Turk be dismissed without prejudice for failure to perfect service of process.

  An R&R that recommends dismissal for failure to perfect service of process provides a plaintiff with notice under Rule 4(m) of the Federal Rules of Civil Procedure.  <u>See</u> <u>Anderson v. Osh Kosh B'Gosh</u>, 255 F. App'x 345, 348 (11th Cir. 2006).  Plaintiff does not object to the recommendation that the claims against Defendants Atkinson and Turk be dismissed from this action.  The Court does not find plain error in the Magistrate Judge's recommendation, and Defendants Atkinson and Turk are dismissed without prejudice from this action for failure to perfect service of process.

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge E. Clayton Scofield's Final R&R is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Judgment on the Pleadings is **GRANTED** [66].

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant DCSD, Tyson, Ramsey and Thurmond are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendants Atkinson and Turk are **DISMISSED WITHOUT PREJUDICE** from this action.

**SO ORDERED** this 28th day of July, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE